**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

TONYA MOONEY and AUTUMN BROOKS,)
                         )
     Plaintiffs,         )
                         )
     v.                    )     Case No.  6:20-cv-907
                         )
COMPASS BANK d/b/a BBVA COMPASS,  )
                         )
     Defendant.        )

## PLAINTIFFS' COMPLAINT

Plaintiffs, TONYA MOONEY ("Tonya") and AUTUMN BROOKS ("Autumn") (collectively "Plaintiffs"), through their attorney, Agruss Law Firm, LLC, alleges the following against Defendant, COMPASS BANK d/b/a BBVA COMPASS ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA").

2. Count II of Plaintiffs' Complaint is based on the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

3. Count III of Plaintiffs' Complaint is based on the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code § 17.41, et seq. ("DTPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1693(m).

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

8. Autumn is a natural person residing in the City of Killeen, Bell County, State of Texas.

9. Tonya is a natural person residing in the City of Lampe, Stone County, State of Missouri.

10. Plaintiffs are consumers as that term is defined by the EFTA, TDCA and DTPA.

11. Defendant is a financial institution as that term is defined by the EFTA.

12. Plaintiffs allegedly owe a consumer debt as that term is defined by the TDCA.

13. Defendant is a debt collector as that term is defined by the TDCA.

14. Defendant is a person as that term is defined by the DTPA.

15. Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a financial institution with a principal place of business located in the City of Birmingham, Jefferson County, State of Alabama.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. Defendant attempted to collect a debt within the State of Texas.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. During the course of its attempts to collect debts allegedly owed, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

2

telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect a consumer debt from Plaintiffs allegedly arising from an automobile loan financed through Defendant.

23. Plaintiffs allegedly owe a debt to Defendant originating with account number xxxx725704.

24. Plaintiffs' alleged debt owed arises from transactions for personal, family, and household purposes.

25. In or around October 2018, Plaintiffs agreed to allow monthly payments to be drawn from Plaintiffs' joint personal checking account and paid towards Plaintiffs' outstanding account balance.

26. The payment plan Plaintiffs entered into with Defendant required Plaintiffs to make a payment in the amount of $400.00 to Defendant on the 16th day of every month.

27. However, Defendant attempted to withdraw Plaintiffs' payments on the 13th day of every month.

28. Plaintiffs received notice of the attempted withdrawals from their bank.

29. On several occasions within the past year, Plaintiffs spoke with Defendant's representatives and requested for Defendant to withdraw payments no sooner than the 16th day of each month.

30. Despite Plaintiffs' requests, Defendant continued to attempt to withdraw payments from Plaintiffs' joint checking account on the 13th day of each month.

31. Defendant did not provide to Plaintiffs, nor did Plaintiffs execute, any written or electronic

writing memorializing or authorizing the recurring or automatic payments from Plaintiffs'
joint personal checking account.

32. Plaintiffs did not provide Defendant either with a written or an electronic signature
authorizing the recurring or automatic payments.

33. All payments were drawn from Plaintiffs' joint personal checking account.

34. On or about February 14, 2020, Plaintiffs traded in their vehicle at the automotive
dealership, Dodge Country ("the dealership") and the dealership wrote a check to
Defendant on Plaintiffs' behalf.

35. Thereafter, Defendant informed Plaintiffs that the dealership overpaid Defendant in the
amount of $1,576.64 and that Plaintiffs would receive a full refund in that amount.

36. On or about April 8, 2020, Tonya spoke with one of Defendant's representatives and
requested for Defendant to refund Plaintiffs in the amount of $1,576.64.

37. During the conversation, Defendant's representative advised Tonya that Defendant would
e-mail a refund form to Plaintiffs' e-mail address.

38. During the conversation, Defendant's representative advised Tonya that Plaintiffs needed
to complete the refund form and return the same to Defendant.

39. During the conversation, Defendant's representative ensured Tonya that Defendant would
refund Plaintiffs' funds after the refund form was submitted to Defendant.

40. On or about April 14, 2020, Tonya spoke with one of Defendant's representatives and
again, requested Defendant to refund Plaintiffs in the amount of $1,576.64.

41. During the conversation, Defendant's representative told Tonya that Defendant would re-
send a request form within 24 to 48 hours.

42. Tonya did not receive the request form within 24 to 48 hours.

43. Instead, Tonya received an email from Defendant's female representative, Kim Tracy ("Kim"), from her e-mail address at kim.tracy@bbva.com.

44. In Kim's email, Kim told Tonya that Defendant refused to refund Plaintiffs' joint personal checking account because the refund was being used to pay off one of Plaintiffs' checks in the amount of $394.11, which was returned for insufficient funds on February 13, 2020.

45. In response to Kim's e-mail, Tonya inquired as to the remaining refund in the amount of $1,182.48.

46. Plaintiffs' account statement reflects that Defendant refunded Plaintiffs on February 18, 2020, in the amount of $1,182.48.

47. However, this alleged refund was never received by Plaintiffs.

48. To date, Plaintiffs have not been refunded for the remaining overpayment of the vehicle.

## COUNT I
## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

49. Plaintiffs repeat and re-allege paragraphs one (1) through forty-eight (48) of Plaintiffs' Complaint as the allegations in Count I of Plaintiffs' Complaint.

50. 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

51. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

52. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the

authorization shall provide a copy to the consumer."

53. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

54. Defendant violated the EFTA based on the following:

   a. Defendant violated § 1693d(e)(a) of the EFTA when Defendants attempted to withdraw payments from Plaintiffs' joint personal checking account three days prior to the date illustrated in Plaintiffs' agreement and when Defendant continued to attempt to withdraw payments from Plaintiffs' joint personal checking account after Plaintiffs requested Defendant only withdraw payments after the 16th day of each month.

WHEREFORE, Plaintiffs, TONYA MOONEY and AUTUMN BROOKS, respectfully request judgment be entered against Defendant, COMPASS BANK d/b/a BBVA COMPASS, for the following:

55. Actual damages of $1,182.48 pursuant to the Electronic Fund Transfer Act, §916(a)(1);

56. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

57. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

58. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

59. Plaintiffs repeat and re-allege paragraphs one (1) through forty-eight (48) of Plaintiffs' Complaint as the allegations in Count II of Plaintiffs' Complaint.

60. Defendant violated the TDCA based on the following:

   a.   Defendant violated Tex. Fin. Code §392.304 by using deceptive means to collect a debt, when Defendant withdrew funds from Plaintiffs' joint personal checking account on a date in which Plaintiffs did not consent or authorize Defendant to do so and when Defendant refused to refund Plaintiffs for funds that Defendant unlawfully withdrew from Plaintiffs' joint personal checking account.

   WHEREFORE, Plaintiffs, TONYA MOONEY and AUTUMN BROOKS, respectfully request judgment be entered against Defendant, COMPASS BANK d/b/a BBVA COMPASS, for the following:

61. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.303 and/or Tex. Bus. & Com. Code § 17.50(d);

62. For attorneys' fees, costs and disbursements;

63. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

64. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT III
## DEFENDANT VIOLATED THE TEXAS DECEPTIVE TRADE PRACTICES-
## CONSUMER PROTECTION ACT

65. Plaintiffs repeat and re-allege paragraphs one (1) through forty-eight (48) of Plaintiffs' Complaint as the allegations in Count III of Plaintiffs' Complaint.

66. Defendant violated the DTPA based on the following:

a.  Defendant violated Tex. Bus. & Com. Code § 17.46(a) by engaging in false, misleading, or deceptive acts or practices in the conduct of any trade or commerce, when Defendant refused to refund Plaintiffs for funds that Plaintiffs are legally entitled to.

WHEREFORE, Plaintiffs, TONYA MOONEY and AUTUMN BROOKS, respectfully request judgment be entered against Defendant, COMPASS BANK d/b/a BBVA COMPASS, for the following:

67. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.303 and/or Tex. Bus. & Com. Code § 17.50(d);

68. For attorneys' fees, costs and disbursements;

69. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

70. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

DATED:  October 01, 2020                    RESPECTFULLY SUBMITTED,

By:  /s/ Michael S. Agruss
        Michael S. Agruss
        SBN: 6281600
        Agruss Law Firm, LLC
        4809 N. Ravenswood Ave., Suite 419
        Chicago, IL 60640
        Tel: 312-224-4695
        Fax: 312-253-4451
        michael@agrusslawfirm.com
        Attorney for Plaintiff